IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ELLIS,

    Plaintiff,      No. 2:12-cv-1550 MCE CKD PS

  vs.

SIERRA HART AUTO
CENTER & TOWING, et al.,

    Defendants.    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has

filed a first amended complaint.  The federal in forma pauperis statute authorizes federal courts

to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

490 U.S. at 327.

1    In order to avoid dismissal for failure to state a claim a complaint must contain

2  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

3  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

4  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

6  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

7  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

8  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

9  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

10  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

11  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

12  Rhodes, 416 U.S. 232, 236 (1974).

13    Plaintiff has filed two complaints in this action.  Although plaintiff's first

14  amended complaint remains vague and conclusory, it appears that plaintiff is alleging a violation

15  of his civil rights in connection with the towing of his vehicle because he did not register his

16  vehicle and did not possess a valid driver's license.  Plaintiff was previously advised of the

17  standards for alleging a claim under 42 U.S.C. § 1983.  The first amended complaint does not

18  cure the deficiencies evident in plaintiff's original complaint.

19    Plaintiff asserts his constitutional rights were violated because his vehicle was

20  towed.  Plaintiff asserts the DMV wrongfully refused to put into the DMV computer database a

21  note that plaintiff was exempt from the requirement of having a driver's license or registration

22  for his vehicle.  There is no constitutional right to drive on the public road without a license in an

23  unregistered vehicle.  "The authority of police to seize and remove from the streets vehicles

24  impeding traffic or threatening public safety and convenience is beyond challenge." South

25  Dakota v. Opperman, 428 U.S. 364, 369 (1976).  Impoundment is proper when "the driver's

26  violation of a vehicle regulation prevents the driver from lawfully operating the vehicle...."

Miranda v. City of Cornelius, 429 F.3d 858, 865 (9th Cir. 2005).  To the extent plaintiff contends that his fundamental right to interstate travel is violated by impoundment of his vehicle or state requirements that he register the vehicle and possess a valid driver's license, that claim fails as a matter of law.  See Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (holding that while there is a fundamental right to interstate travel, no fundamental right to drive a motor vehicle exists that can be abridged by denial of a driver's license).

Although advised of the deficiencies in his pleadings, the gravamen of plaintiff's amended complaint rests on plaintiff's fundamentally flawed premise that he has a constitutional right to travel on the highway in an unregistered vehicle without a driver's license.  Plaintiff alleges no constitutional violation.  It appears further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 28, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
ellis.f&r

3